```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

MARCIO RODRIGUEZ,                :
                                 :
    Petitioner,                  :
                                 :
V.                               :    CASE NO. 3:04CV1329 (WWE)
                                 :
IMMIGRATION AND                  :
NATURALIZATION SERVICE,[1]       :
                                 :
    Respondent.                  :    September 29, 2005

### RULING ON PETITION FOR MANDAMUS RELIEF

Petitioner, Marcio Rodriguez, a native of Portugal, is serving a state sentence in state prison for burglary in the third degree. A detainer was placed on petitioner based on his conviction, but the Immigration and Naturalization Service ("INS") has not yet begun removal proceedings against him. Petitioner, proceeding pro se, seeks a writ of mandamus compelling the respondent to lift the detainer, or to hold a removal hearing on any claims it may have against him. Because petitioner has no clear right to this relief, the petition is denied.

I.  Discussion

    A writ of mandamus is available only when the applicant has a clear right to the relief sought, the respondent has a plainly defined duty to act, and no other remedy is available. Billiteri

---

[1] The Immigration and Naturalization Service has been abolished and its enforcement functions have been transferred to three separate bureaus within the Department of Homeland Security ("DHS"). However, the Court refers to the respondent as INS.

v. United States Bd. of Parole, 541 F.2d 938, 946 (2d Cir. 1976). Congress has specifically provided that the INS' authority to expedite removal proceedings for incarcerated aliens, an authority that covers detainers and expedited removal hearings, is discretionary. 8 U.S.C. § 1228(a)(3)(B). Accordingly, a writ of mandamus is not available to compel such discretionary acts.

    Petitioner also suggests that the effect of the detainer is to deny him the opportunity to participate in the Transitional Supervision ("TS") or any other release program.[2] He claims that the detainer thereby interferes with his liberty interest. However, a detainer issued by INS regarding an alien incarcerated for an aggravated felony is simply a notification to the prison, and does not affect the prisoner's status. Waldron v. INS, 17 F.3d 511, 516 (2d Cir. 1994). Further, placement in TS or RPP is entirely discretionary. Conn. Gen. Stat. §§ 18-100(e) & 18-100c. Accordingly, the petition will be denied.

---

    [2]The Court construes the petition's reference to "any other program of early release" as a reference to Residential Program Placement ("RPP").

II. <u>Conclusion</u>

For the foregoing reasons, the petition is hereby denied. The clerk is instructed to close this case.

So ordered.

Dated at Bridgeport, Connecticut this 29th day of September, 2005.

_____/s/_____
WARREN W. EGINTON, SENIOR UNITED STATES DISTRICT JUDGE